# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1686

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| German Martinez-Guido, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted:  August 21, 2002
Filed:  August 23, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

After a jury trial, German Martinez-Guido was convicted of conspiring to
distribute 500 grams or more of a mixture or substance containing methamphetamine,
in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and possessing with intent to
distribute 500 grams or more of a mixture or substance containing methamphetamine,
in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The district court[1] sentenced
Martinez-Guido to 188 months imprisonment and 5 years supervised release on each
count, to be served concurrently.  On appeal, counsel has moved to withdraw and

_____

[1]The HONORABLE ROBERT W. PRATT, United States District Judge for the
Southern District of Iowa.

filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred in applying a 2-level role-in-the-offense enhancement. In his pro se supplemental brief, Martinez-Guido argues that he received ineffective assistance of counsel; that the court and defense counsel violated Federal Rule of Criminal Procedure 11(c); that, although Congress made methamphetamine a Schedule III controlled substance with a maximum sentence of 5 years imprisonment, the Attorney General changed it to a Schedule II controlled substance, in violation of the separation of powers; and that his sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

We reject these arguments seriatim. The district court did not clearly err in imposing the 2-level role enhancement based on the evidence that Martinez-Guido directed at least one other person, <u>see</u> <u>United States v. Van Chase</u>, 137 F.3d 579, 583-84 (8th Cir. 1998); the ineffective-assistance claims are not properly before us, <u>see</u> <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995); Rule 11 is not applicable because Martinez-Guido pleaded not guilty and went to trial, <u>see</u> Fed. R. Crim. P. 11(c); the separation-of-powers argument was not raised below and thus we do not address it except to say that we find no plain error, <u>see</u> <u>United States v. Kempis-Bonola</u>, 287 F.3d 699, 701 (8th Cir. 2002) (standard of review), <u>petition for cert. filed</u>, No. 02-5415 (July 15, 2002); and there was no <u>Apprendi</u> violation.

Following our independent review, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.